UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARTHUR WEST,

    *Plaintiffs,*

v.

ALEX M. AZAR, et al.,

    *Defendants.*

Case No. 1:20-cv-1726-RCL

## MEMORANDUM OPINION

Plaintiff Arthur West sues the United States, the Department of Health and Human Services, the HHS Secretary, and the Center for Disease Control and Prevention over the federal government's response to the COVID-19 pandemic. *See* First Am. Compl., ECF No. 2.

Before the Court is the defendants' motion [4] to dismiss the plaintiff's complaint and the plaintiff's motion [13] for leave to file an amended complaint.

Because the plaintiff cannot demonstrate standing in either his operative complaint or his proposed amended complaint, the Court will **GRANT** the motion to dismiss and **DENY** the motion for leave to file an amended complaint.

## I.  BACKGROUND

Mr. West's amended complaint alleges improper action in response to the COVID-19 pandemic. West claims that Defendants engaged in "a series of improperly segmented major federal actions and an irrevocable commitments [sic] of resources, apparently intended to combat the Covid-19 virus . . . ." First Am. Compl. ¶ 1.1. Specifically, Mr. West takes issue with the following actions by Defendants: (1) "the over $10,000,000.00 of federal funds expended by and through the [HHS] and [CDC] which was announced in July of 2020 by means of a July 13, 2020 'Guidance Document' concerning Covid-19 data reporting;" (2) "the recent CDC testing protocols

1

minimizing testing of exposed individuals; (3) "withdrawal from the World Health Organization;" (4) refusal to participate in the international Covid-19 Vaccines Global Access Facility (Covax);" and (5) "apparently, unilateral plans to launch a new vaccine before the election regardless of scientific health and safety concerns." *Id.* at ¶ 1.2. Mr. West claims that the National Environmental Protection Act (NEPA) requires Defendants to conduct an environmental review prior to taking these actions. *Id.* at ¶ 1.5.

Mr. West claims that the failure to conduct an environmental review will cause a "disastrous and calamitous adverse impact on the health, well being, and economic security of plaintiff and the American People as a whole." *Id.* at ¶ 1.6; *see also id.* at ¶ 4.24. Mr. West also states that "he may have a greater risk of contracting [COVID-19] if the data transmission is concealed, and he may be denied care due to lack of allocated resources if he does become infected." *Id.* at ¶ 4.7. He claims that compliance with NEPA's environmental review process would alleviate these injuries.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party seeking to invoke federal jurisdiction bears the burden of showing that the court may hear his case. *See id.* When a 12(b)(1) motion challenges the complaint on its face, courts accept as true the facts pleaded in the complaint. *See Erby v. United States*, 424 F. Supp. 2d 180, 18283 (D.D.C. 2006); *see also* Wright & Miller, 5C *Federal Practice and Procedure, Civil* § 1363 (3d ed., Apr. 2020 update).

Article III standing requires that the plaintiff demonstrate that he has suffered an injury in-fact, caused by the defendant, and redressable by the Court. *See Lujan v. Defs. of Wildlife*, 504

2

U.S. 555, 560 (1992). "[A]n injury must be [1] concrete, [2] particularized, and [3] actual or imminent." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quotation marks omitted). An injury is concrete if it is an actual harm to a legally protected interest. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548–49 (2016). Violation of a procedural right alone without some real-world harm is insufficient. *Id.* at 1549. An injury is particularized if the plaintiff has been injured in a manner distinct from the public at large. *See id.* at 1548. An injury is actual if has actually occurred; and an injury is imminent if it is "certainly impending." *Clapper*, 568 U.S. at 409 (emphasis omitted). "[A]llegations of possible future injury are not sufficient." *Id.* (emphasis and quotation marks omitted).

### B. Rule 15

Leave to amend should be freely granted. *See* Fed. R. Civ. P. 15(a)(2). But when amending a complaint would be futile—that is, when the amended complaint would not survive a motion to dismiss—leave to amend should be denied. *James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

## III. ANALYSIS

### A. Motion to Dismiss

Mr. West lacks standing because he cannot demonstrate an injury in fact. Liberally construed, his operative complaint alleges seven injuries: (1) that he is particularly susceptible to COVID-19 as a person over the age of fifty-five, First Am. Compl. ¶ 3.1; (2) that he is "subject to a local and Statewide health care system that is potentially threatened by inequitable allocation of federal resources to provide for coronavirus treatment," *id.* at ¶ 3.1(a); (3) that he is "a board member of WASHLITE a nonprofit organization that has acted to spread accurate information and to curtail misinformation about Covid-19," *id.* at ¶ 3.1(b); (4) that he has a "connection to the human, urban and natural environment that will be specifically and materially impacted by the

3

direct and proximate effects of the federal action in this case," *id.* at ¶ 3.1(c) (citation omitted); (5) that he "may have a greater risk of contracting the disease if the data of transmission is concealed, and he may be denied care due to lack of allocated resources if he does become infected," *id.* at ¶ 4.7; (6) that the National Guard may be potentially deployed, *id.* at ¶ 4.22; and, (7) that he may be prevented from traveling within the State of Washington, bird watching, or connecting with "the animals and plants in the environment," *id.* at ¶ 4.23.

None provides him with standing. (1) Mr. West cannot demonstrate a particularized injury from his risk of COVID infection as an older person; he shares that characteristic with every person in this country over the age of 55. Additionally, the risk that he will contract COVID is a speculative injury; it is not certainly impending. (2) Mr. West cannot demonstrate particularized injury as a resident of the State of Washington; he shares that characteristic with every other Washingtonian. Additionally, the risk that the federal government will discriminate against Washington in allocating resources to fight COVID is speculative. (3) Mr. West cannot assert the rights of an organization that is not a party to this case. He has not asserted any injury to his rights *qua* board member. (4) Any harms Mr. West would suffer in his ability to connect with his environment would be widely shared. And the harms are speculative. (5) Any increase in risks Mr. West bears of contracting COVID are no different from any other person in his demographic cohort. And the impact of that risk is speculative. (6) Any harms Mr. West may suffer from the deployment of the National Guard would be widely shared, and Mr. West has failed to allege how an otherwise lawful National Guard deployment would harm him. (7) Any potential harm Mr. West might suffer from travel restrictions or restrictions preventing him from communing with nature would be widely shared. And, again, the harms are speculative.

Because Mr. West cannot demonstrate an injury in fact, he lacks standing to pursue his claims.

## B. Motion for Leave to Amend

Mr. West's motion for leave to amend is futile because his amended complaint still does not allege an injury in fact.

Liberally construed, his proposed second amended complaint alleges seven new injuries: (1) that he is particularly susceptible to COVID-19 as a person over with preexisting conditions, 2d. Mot. Leave Amend, Ex. 1 at ¶ 3.1, ECF No. 13-1; (2) that he goes to locations at which SARS-CoV-2 is present, *id.*; (3) that he is prevented from his "customary use and enjoyment of the physical environment" by COVID, *id.*; (4) that he has been unable to travel to Canada, *id.* at ¶ 3.1(e); (5) that he has been unable to "congregate or practice his profession," *id.*; (6) that he has been unable to purchase personal protective equipment or forced to purchase personal protective equipment at increased prices, *id.*; and, (7) that he has had his civil rights restricted, *id.* at ¶ 4.10.

None provides him with standing. (1) Absent more detail, the Court cannot conclude that Mr. West's conditions place him at any greater risk of contracting COVID than millions of others. And Mr. West can only speculate that he will contract COVID. (2) Frequenting locations that may contain the SARS-CoV-2 virus is true for everyone, not just Mr. West. (3) Mr. West fails to show how COVID's impact on his use of the environment is different from its impact any other person's. (4) Canadian travel restrictions apply to all Americans. (5) Restrictions on congregation apply universally. Absent more detail, the Court cannot conclude that any restrictions on Mr. West's professional life are a particularized injury. (6) Mr. West's increased costs for purchasing personal protective equipment does allege an injury in fact—a classic pocketbook injury. But nothing in his complaint connects those costs to the government's actions. He does not show that any action

he challenges affected the market price for personal protective equipment. That injury, therefore, does not provide standing because it fails *Lujan*'s second prong. (7) Mr. West's vague allegation that his civil rights have been curtailed does not provided a basis for the Court to conclude that he has suffered an individualized injury.

As Mr. West would still lack standing if the Court granted leave to amend his complaint, the motion to amend is futile.

## IV.   CONCLUSION

Based on the foregoing, the Court will **GRANT** the motion to dismiss and **DENY** the motion for leave to file an amended complaint by separate order.

Date: _12/23/20_

Royce C. Lamberth
United States District Judge